In the Matter of the Estate of

MARTHA HAGGOTT THOMSON, Deceased

Probate No. 4-1970

District Court of the Virgin Islands

Div. of St. Croix

February 24, 1972

John F. James, Christiansted, St. Croix, V.I., *attorney of record*

YOUNG, *Judge*

### MEMORANDUM OPINION

Martha Haggott Thomson (herein "deceased") died testate on August 5, 1969, in Frederiksted. On October 17, 1969, David Thomson, her surviving spouse and appellee herein, filed a Petition for Letters Testamentary and to

admit deceased's Will to probate. On May 13, 1971, appellee filed an amended petition to probate the Will with corrections, or, in the alternative, for permission to withdraw his prior petition to admit the will to probate, thus affording appellee an opportunity to elect to take an intestate share in lieu of taking under the Will without corrections.

Mary Christine Hills, the adult daughter of the deceased (and appellee's stepdaughter), opposed the motions.

A hearing on the motions was held June 25, 1971, before the District Court Commissioner. John F. James, Esq., Executor herein, testified that, as deceased's lawyer, he drafted the Will and his written notes of instructions from deceased provided for a residuary clause naming appellee as the residuary legatee. However, the residuary clause was omitted in the Will by inadvertence.

Appellee testified that at the time he offered deceased's Will for probate, he was suffering from a nervous breakdown caused by his wife's death and from alcoholism which ultimately required his hospitalization. He testified further that, after a successful recovery, he was informed for the first time of the inadvertent omission of the proposed residuary clause. The Commissioner, by order dated September 3, 1971, denied the petition to correct the Will, holding that parol evidence of intent cannot be admitted to supply an omission occurring through inadvertence of the testatrix or the scrivener. However, the Commissioner granted appellee the right to make an election within six months from the date of the Commissioner's order. The Commissioner bottomed his decision on 15 V.I.C. 10, finding that appellee was incompetent within the meaning of 15 V.I.C. 10(g), thereby enlarging the time within which appellee would be permitted to make an election to take against the Will.

The issues presented in this appeal are:

1. Does the District Court Commissioner have the authority to enlarge the time for an election pursuant to 15 V.I.C. 10(g)?

2. Was there sufficient evidence to sustain the Commissioner's finding that appellee was incompetent and thereby entitled to the benefits of 15 V.I.C. 10(g)?

3. Is the filing of a petition for letters testamentary, in and of itself, an irrevocable election by appellee to take under the will?

15 V.I.C. Section 162 provides:

"The mode of proceeding in testamentary or probate matters is in the nature of a suit in equity, and the pleadings and forms thereof shall be prescribed by rules of the district court."

4 V.I.C. Section 36, as amended May 23, 1969, provides in paragraph (a)(6) that:

"The Commissioner of the District Court may act in all probate, trust, guardianship, bankruptcy and insolvency matters and perform all the duties and exercise all the powers of the district court in such matters."

and under subsection (c), it is further provided:

"(c) All findings, orders, determinations or any action of the commissioner shall be subject to review by a judge of the district court if requested by any interested party within 5 days after notice thereof has been received by such party."

■ I find, therefore, that the District Court Commissioner has discretionary power to permit an election to be made by an incompetent spouse at any time up to but not later than the entry of an approved first account of the executor made after seven months subsequent to the issuance of the Letters. Hence, assuming that the appellee was an incompetent surviving spouse, as so found by the Commissioner, his order should be confirmed.

639

■ I find no merit in appellant's argument that the filing, by the surviving spouse, of a petition to probate the Will of the deceased constitutes an irrevocable election to take by the terms of the Will and that the said act of filing, by itself, constitutes a waiver of the surviving spouse's election.

■ The sole remaining question is whether the Commissioner correctly determined that the surviving spouse was incompetent during the time in which he was permitted by law to make an election. From the record, it appears that as soon as appellee recovered from his alleged incompetency he immediately retained an attorney, seeking relief from the inadvertent omission of the residuary clause in the Will. His attorney, on May 13, 1971, filed the petition to correct the Will or, in the alternative, to withdraw petitioner's prior petition to admit the Will to probate. On June 8, 1971, the attorney sent a notice to the Executor and to the attorney for appellant herein notifying them that he would present the motion to the Commissioner at a hearing on June 18, 1971. Subsequently, on June 17, the attorney sent another notice setting forth the hearing before the Commissioner as of June 25, 1971. The record indicates that the Executor and Attorney Michael Spencer, of the firm of Merwin and Spencer, were present at the hearing on June 25. The hearing appears to have been a full evidentiary hearing on the issue of the incompetence of the surviving spouse and the Commissioner found, from all the evidence adduced at the hearing, that the surviving spouse was incompetent and, therefore, was entitled to an enlargement of time within which to make his election pursuant to 15 V.I.C. 10(g). Thus, it appears that all interested parties had ample and due notice of the hearing, were present at the hearing and, therefore, had their "day in court". The Commissioner's determination, which he entered on September 3, 1971,

of the incompetency of the surviving spouse must, therefore, be affirmed.

Pursuant to the Commissioner's Order, the surviving spouse, the appellee herein, did in fact on September 16, 1971, file his election to take his share of the estate as in intestacy, pursuant to 15 V.I.C. 10(g).

The Order of the Commissioner is hereby affirmed and the appellee is hereby permitted to take his share of the estate as the surviving spouse as in intestacy.